UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GLORIMARI NIEVES, ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | 1:07-cv-1433-WTL-TAB |
| ) | |
| ADECCO EMPLOYMENT, ) | |
|     Defendant. ) | |

**ORDER ON MOTION FOR RECONSIDERATION**

This cause is before the Court on Plaintiff Glormari Nieves's Motion for Reconsideration of the Court's August 17, 2009, Order on Defendant Adecco Employment's Motion for Summary Judgment. Nieves contends that the Court's Order was based on manifest errors of law and/or facts.

Nieves first contends that the Court erred in its conclusion that Meric Bloch was not the decision maker with respect to her termination. The only evidence supporting Nieves's belief that he was the decision maker is her statement that her supervisor, Becky Kirchner-Wells, told her that Bloch made the decision to terminate her. The Court's Order characterized that statement as hearsay. As Nieves correctly notes, in actuality the statement might not be hearsay if it is a statement made by an employee concerning a matter within the scope of employment. *See* Federal Rule of Evidence 801(d)(2)(D). Thus, the Court agrees with Nieves that it prematurely characterized the statement as hearsay. Therefore, the Court **GRANTS** the Motion to Reconsider.

Upon reconsideration, however, the Court reaches the same result. Notwithstanding this small victory on the admissibility of the statement, Nieves is mistaken if she believes that the Court excluded this statement from its previous consideration. The statement was the only piece of evidence in Nieves's favor, and that scintilla of evidence paled in comparison to all of the other

evidence against her, including a review of Bloch's report which did not include any suggestion that Adecco terminate her. Similarly, the overwhelming evidence reveals that the decision to terminate Nieves was based on multiple sources. Thus, the Court continues to believe as it did in its original Order that no rational jury could conclude that Bloch was the decision maker or the primary driving force behind Nieves's termination. Moreover, because Bloch was not the decision maker, his comments are akin to the type of stray remarks that are insufficient to support Nieves's case.

Nieves also takes issue with the Court's treatment of Adecco's stated reason for the termination. Nieves accuses the Court of improperly crediting Bloch's characterization of her statements during his investigation as an admission of guilt. Contrary to Nieves's assertion, the Court did not rely on Bloch's characterization at all. Instead, as is patently clear from the Court's Order, the Court focused on Nieves's own damning statements that she gave during her deposition. As the Court noted, Nieves admitted that her entries on the computer system were not correct. Those admissions given at Nieves's deposition, in conjunction with the concerns expressed by Stanley Security Solutions, were sufficient for the Court to conclude that Adecco had a legitimate and honest basis for its belief that Nieves falsified documents and should be terminated.

Finally, Nieves relies on the recent decision of *Darchak v. City of Chicago Board of Education*, --- F.3d ---, 2009 U.S. App. LEXIS 19849 (7th Cir. September 3, 2009), to argue that she has no burden to prove that Adecco's stated reason for firing her was a pretext because she elected to proceed under the direct method for proving her case of discrimination. Nieves is correct that she does not bear such a burden. However, she fails to note, *as she argued in opposition to the motion for summary judgment*, that a plaintiff proceeding under the direct method can attempt to show intentional discrimination by presenting evidence that an employer's stated reason for treating

her differently was a mere pretext for discrimination.  *See Troupe v. May Department Stores*, 20 F.3d 734, 736 (7th Cir. 1994) (listing the types of circumstantial evidence that can serve to establish an inference of intentional discrimination under the direct method).  Thus, because Nieves made this argument that the stated reason for the termination was a pretext, it was both necessary and proper to respond to her argument on that point.  Doing so did not impose an additional burden on her or contravene *Darchek*.

For the foregoing reasons, the Court **GRANTS** the Motion to Reconsider (Docket No. 67), but upon reconsideration, the Court reaches the same conclusions that it did in its prior Order.

IT IS SO ORDERED: 09/29/2009

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana


**Electronically distributed to:**

Denise K. LaRue
HASKIN LAUTER & LARUE
dlarue@hlllaw.com

Richard W. McMinn
HASKIN LAUTER & LARUE
rmcminn@hlllaw.com

Michael A. Moffatt
LITTLER MENDELSON PC
mmoffatt@littler.com